Electronically Filed
5/27/2020 2:17 PM
Steven D. Grierson
CLERK OF THE COURT

**COM**
**WALEED ZAMAN, ESQ.**
Nevada State Bar No. 13993
**MICHAEL G. TRIPPIEDI, ESQ.**
Nevada State Bar No. 13973
**ZAMAN & TRIPPIEDI, PLLC**
2880 S. Jones Blvd., Suite 3
Las Vegas, NV 89146
Ph: 702-359-0157
F: (702) 920-8837
*Attorneys for Plaintiff, Michael Tatum*

CASE NO: A-20-815579-C
Department 1

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * *

MICHAEL TATUM, an individual;

Plaintiff,

vs.

KEOLIS TRANSIT AMERICA, INC, a corporation; DOE INDIVIDUALS I-X; ROE CORPORATIONS I-X,

Defendant.

Case No:

Dept. No:

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Arbitration Exemption Claimed: Value in Excess of $50,000.00)**

COMES NOW, Plaintiff, MICHAEL TATUM, an individual, by and through his counsel of record, MICHAEL TRIPPIEDI and WALEED ZAMAN, of ZAMAN & TRIPPIEDI, for a cause of action against Defendants, and each of them, for damages and injuries sustained on or about May 27, 2018, and alleges on information and belief, and avers as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. That Plaintiff, MICHAEL TATUM, is and was at all times mentioned herein, a resident of Erie County, New York, vacationing in Clark County, Nevada.

2. That upon information and belief, Defendant, KEOLIS TRANSIT AMERICA INC, (hereinafter, "Defendant Keolis") is and was at all times relevant, a corporation doing business in Clark County, Nevada.

3. That the incident upon which this complaint is based occurred in Las Vegas, Clark County, Nevada.

4. That the facts and evidence of this Complaint arise and can be found within Clark County, Nevada. The District Courts of Nevada have subject matter jurisdiction over this matter because this action concerns issues of Nevada law. The District Court of Clark County has subject matter jurisdiction of this action because it took place in Clark County, Nevada.

5. That Defendants DOE INDIVIDUALS I-X, and ROE CORPORATIONS I-X, whether individual, corporate, associates or otherwise, are fictitious names of Defendants whose true names and capacities, at this time, are unknown to Plaintiff. Plaintiff is informed and believes and alleges that at all relevant times, DOE INDIVIDUALS I-X were an agent, servant, and/or employee of Defendants, and in doing things hereinafter mentioned was acting within the scope of his/her authority as such an agent, servant, and/or employee, and with the permission and consent of his Defendants; and that each of said fictitiously named Defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiff on the facts alleged herein, and proximately caused injures and damages to Plaintiff. At such time as Defendants' true names become known to Plaintiff, Plaintiff will ask leave of this Court to amend this Complaint to insert said true names and capacities.

6. That the damages complained of are in an amount sufficient to invoke the jurisdiction of this Court, though not yet fully ascertained, said damages complained of are in excess of Fifteen Thousand Dollars ($15,000.00).

**GENERAL ALLEGATIONS**

7. On or about May 27, 2018, Plaintiff, MICHAEL TATUM, was a passenger on a bus owned and operated by Defendant Keolis (the "Subject Bus").

8. At that place and time, the Subject Bus came to an abrupt and untimely stop, causing Plaintiff's momentum to shift forward rapidly down a flight of steps on the Subject Bus.

9. Due to the sudden and abrupt stop of the Subject Bus, Plaintiff fell down the flight of stairs, hitting his head and landing on his left ankle, left knee, ribs, and right shoulder.

10. Due to the fall, Plaintiff was transported via ambulance to Valley Hospital Medical Center.

/ / /

/ / /

## FIRST CAUSE OF ACTION

### (Negligence)

11. Plaintiff incorporates, by reference, each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

12. That at said time and place, Defendant Keolis owed a duty to all motorists to maintain and operate the Subject Bus in a safe and lawful manner, of which the said Defendant breached said duties, proximately causing injuries and damages to the Plaintiff.

13. Further, that at said time and place, Defendants' employee and/or agent owed a duty to all motorists to maintain and operate the Subject Bus in accordance with Nevada law, including, but not limited to: NRS §484B.207, NRS § 484B.250, NRS § 484B.253, and NRS § 484B.400.

14. That Plaintiff is the type of persons intended to be protected by said statute(s), and the injuries he suffered were the type to be protected against.

15. That the Defendant's Subject Bus abruptly slammed on the brakes, causing Plaintiff to fall, resulting in injuries and damages to Plaintiff for which he seeks relief therefrom.

16. That the above-described incident was directly and proximately the result of the Defendant's negligent operation of the motor vehicle in which they were driving.

17. That the Defendant negligently operated the motor vehicle, failing to:

a. Exercise due care required by law;

b. Yield to ongoing traffic conditions;

c. Take proper precautions to reasonably safeguard against injury of others; and

d. Otherwise exercise due care with respect to the matters alleged in this Complaint.

18. That Defendant owed Plaintiff a duty of reasonable and ordinary care in driving his motor vehicle on the public thoroughfares.

19. That the Defendant had a duty to obey all reasonable traffic and safety rules while driving the motor vehicle on the public thoroughfares.

20. Defendant's acts or omissions aforementioned constitute a breach of his duty of reasonable care.

21. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his ankle, knee, ribs, shoulder and head, and systems all or some of which conditions may be permanent or disabling in nature, all to his general damage in a sum in excess of fifteen thousand dollars ($15,000.00).

22. As a direct and proximate result of Defendant's negligence as set forth above, Plaintiff has suffered injuries, both physical and mental in nature, together with economic losses were required to retain an attorney to pursue this action against Defendant.

23. Plaintiff has been required to retain the ZAMAN & TRIPPIEDI, PLLC to prosecute this action, and is entitled to recover Plaintiffs' attorney's fees, case costs and prejudgment interest.

## SECOND CAUSE OF ACTION

### (Negligent Entrustment)

24. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

25. That Defendant Keolis willingly entrusted its vehicle to the driver of Subject Bus.

26. That Defendant Keolis either knew or should have known that such entrustment to the driver of Subject Bus was negligent.

27. That the driver of Subject Bus then operated Defendant Keolis' vehicle and caused this incident.

28. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his ankle, knee, ribs, shoulder and head, and systems all or some of which conditions may be permanent or disabling in nature, all to his general damage in a sum in excess of fifteen thousand dollars ($15,000.00).

29. As a direct and proximate result of Defendant's negligence as set forth above, Plaintiff has suffered injuries, both physical and mental in nature, together with economic losses were required to retain an attorney to pursue this action against Defendant.

30. Plaintiff has been required to retain the ZAMAN & TRIPPIEDI, PLLC to prosecute this action, and is entitled to recover Plaintiffs' attorney's fees, case costs and prejudgment interest.

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

### (Respondeat Superior)

31. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

32. That at all times relevant hereto, the driver of Subject Bus was an agent, servant and employee of Defendant Keolis and at all times mentioned herein, was acting within the course and scope of said employment and agency, and was acting with the knowledge, permission, and consent of Defendant Keolis.

33. That Defendant Keolis is vicariously liable and/or jointly severally liable for the negligence of the driver of Subject Bus, under the doctrine of *respondeat superior*, which directly and proximately resulted in Plaintiff's damages.

34. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his ankle, knee, ribs, shoulder and head, and systems all or some of which conditions may be permanent or disabling in nature, all to his general damage in a sum in excess of fifteen thousand dollars ($15,000.00).

35. As a direct and proximate result of Defendant's negligence as set forth above, Plaintiff has suffered injuries, both physical and mental in nature, together with economic losses were required to retain an attorney to pursue this action against Defendant.

36. Plaintiff has been required to retain the ZAMAN & TRIPPIEDI, PLLC to prosecute this action, and is entitled to recover Plaintiffs' attorney's fees, case costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision and Retention)

37. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

38. At all times mentioned herein, Defendant Keolis had a duty to hire competent persons, properly train them for tasks they would perform, and supervise them in the performance of those tasks.

39. Defendant Keolis breached their duty to properly train, supervise, retain and/or supervise its employees.

40. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his ankle, knee, ribs, shoulder and head, and systems all or some of which conditions may be permanent or disabling in nature, all to his general damage in a sum in excess of fifteen thousand dollars ($15,000.00).

41. As a direct and proximate result of Defendant's negligence as set forth above, Plaintiff has suffered injuries, both physical and mental in nature, together with economic losses were required to retain an attorney to pursue this action against Defendant.

42. Plaintiff has been required to retain the ZAMAN & TRIPPIEDI, PLLC to prosecute this action, and is entitled to recover Plaintiffs' attorney's fees, case costs and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a judgment against Defendant;
2. For all damages as allowed by law including compensatory, general, and special damages in an amount to be fully determined at trial;
3. For reasonable attorney's fees and costs incurred in this action;
4. For pre-judgment and post-judgment interest; and
5. For any other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, ZAMAN & TRIPPIEDI, PLLC., hereby demands a jury trial of all of the issues in the above matter.

DATED this 27th day of May, 2020        **ZAMAN & TRIPPIEDI**

/s/ *Michael Trippiedi*
**WALEED ZAMAN, ESQ.**
Nevada State Bar No. 13993
**MICHAEL G. TRIPPIEDI, ESQ.**
Nevada State Bar No. 13973
**ZAMAN & TRIPPIEDI, PLLC**
2880 S. Jones Blvd., Suite 3
Las Vegas, NV 89146
Ph: 702-359-0157
F: (702) 920-8837
*Attorneys for Plaintiff, Michael Tatum*

– 6 –
PLAINTIFF'S COMPLAINT